IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY PARSLEY, KIMBERLY WELLS, and BRITTANY MORGAN BURNS, <br><br> Plaintiffs, <br><br> v. <br><br> SHELTER MUTUAL INSURANCE COMPANY and MARK PEMBERTON AGENCY, INC., <br><br> Defendants. | Case No. CIV-24-682-D |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 10]. Defendants Shelter Mutual Insurance Company (Shelter) and Mark Pemberton Agency, Inc. (Pemberton) have filed responses [Doc. Nos. 17, 18], and Plaintiffs replied [Doc. No. 19]. The Court denies Shelter's Motion for Leave to File a Sur-Reply [Doc. No. 20].[1] The motion to remand is fully briefed and at issue.

## BACKGROUND

On August 19, 2023, Plaintiff Peggy Parsley's home was damaged by a fire. The home was insured by Shelter, and Parsley was the only named insured on the policy when the fire occurred.

---

[1] Shelter sought leave to file a sur-reply to include "new detail" regarding the validity of Plaintiff Kimberly Wells' bad faith claim against Shelter. Upon review of Shelter's motion and Plaintiffs' response [Doc. No. 21], the Court finds that a sur-reply is not warranted or necessary.

1

In February of 2024, during Shelter's administration of the fire loss claim, Plaintiff Kimberly Wells (Parsley's daughter) met with Pemberton regarding her mother's declining health and Wells' "deed on death" for the home. At this meeting, Wells alleges that Pemberton "expressly advised that Wells should be included as a named insured on the policy and that he would ensure that the policy was updated accordingly." [Doc. No. 1-2, at 3]. However, Wells discovered – after filing suit against Shelter[2] – that Pemberton had not added her as a named insured on the policy. *Id.* Based on these allegations, Plaintiffs re-filed their lawsuit and added claims against Pemberton for negligent procurement of insurance and constructive fraud.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Shelter relies solely on the second basis. As the removing party, Shelter must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)

---

[2] Plaintiffs' first lawsuit, seeking relief against Shelter only, was removed to this Court on May 3, 2024, and Plaintiffs filed a notice of dismissal without prejudice on May 15, 2024. *See* Case No. CIV-24-452-D.

(internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," Shelter must show that there is no possibility that Plaintiffs would be able to establish a cause of action against Pemberton in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished) (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2.

## DISCUSSION

Defendants contend that Pemberton was fraudulently joined because Plaintiffs cannot state claims of negligent procurement of insurance or constructive fraud against Pemberton based on his meeting with Wells. Under Oklahoma law, constructive fraud is defined as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice…." Okla. Stat. tit. 15, § 59. For negligent procurement claims, "[a]n agent

3

has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation omitted). To that end, agents "need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895.

Wells alleges that she met with Pemberton in early February of 2024, regarding her interest in her mother's home. Pemberton allegedly advised Wells that she should be included as a named insured on the policy and that he would ensure that the policy was updated accordingly. According to Wells, had she been added as a named insured, "there would be no transitional issues should her mother pass and she would have the full rights and benefits of being a named insured…." [Doc. No. 1-2, at 3]. When Plaintiffs first filed suit against Shelter, Wells then discovered that she had not been added as a named insured on her mother's policy. Wells further alleges that "Pemberton never disclosed that Wells was not a named insured, a defense upon which Shelter now expressly relies." *Id.*

Upon careful consideration of the record, the Court finds that Defendants have shown that Plaintiffs have no possibility of recovery against Pemberton. In Oklahoma jurisprudence, "[r]ights of parties become fixed at [the] time liability attaches under an insurance policy." *Christian v. Metropolitan Life Ins. Co.*, 1977 OK 132, ¶ 19, 566 P.2d 445, 449. At the time of loss in August of 2023, Parsley was the only named insured on the policy. Even assuming the truth of Wells' allegation that Pemberton ensured Wells that she

would be added as a named insured in February of 2024, the loss had already occurred. Even if Pemberton had successfully added Wells as a named insured, the addition would not have rendered Wells a named insured for the fire loss that occurred several months prior to Wells' request. Nor do Plaintiffs explain how Wells, a stranger to the insurance policy in February of 2024, had the authority to request that she be added as a named insured on her mother's policy.

Even resolving factual issues in favor of Plaintiffs, Plaintiffs have failed to allege any damages as a result of Pemberton's 1) alleged failure to add Wells as a named insured on her mother's policy; or 2) alleged failure to notify Wells that she could not be added as a named insured based on her "deed on death." Wells has not alleged a loss covered by the policy after her meeting with Pemberton. Further, with respect to Pemberton's alleged failure to notify Wells that the "deed on death" would not be sufficient to add Wells as a named insured on the policy, Wells alleges that she "could have acted to ensure that any issues were corrected or alternatives taken" with that information. This is insufficient to allege that – had Wells been told by Pemberton that she could not be a named insured – she could have become a named insured, retroactively, with respect to the fire loss claim. For these reasons, the Court finds that Pemberton was fraudulently joined and must be dismissed from this litigation.

## CONCLUSION

Plaintiffs' Motion to Remand [Doc. No. 10] is **DENIED**. The claims against Pemberton are **DISMISSED** without prejudice. Pemberton's Motion to Dismiss [Doc. No. 2] is **DENIED** as **MOOT**.

5

Pursuant to the Court's previous Order [Doc. No. 15], Plaintiffs may file a response to Shelter's Motion to Dismiss [Doc. No. 9] within 10 days of this Order.

**IT IS SO ORDERED** this 30th day of September, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge